UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SONIA MIRANDA,

                        Plaintiff-Appellee,

    -against-

TLB 2019 LLC

                        Defendant-Appellant.
------------------------------------------------------------------x

MEMORANDUM AND ORDER

25-CV-533 (ENV)

VITALIANO, D.J.

      Defendant-Appellant TLB 2019 LLC ("TLB") appealed from an adverse Order of the United States Bankruptcy Court for the Eastern District of New York (Alan S. Trust, Chief Bankruptcy Judge) setting aside its deed to the debtor's property as a fraudulent transfer. Sonia M. Miranda, the debtor-plaintiff-appellee, opposes TLB's appeal. For the following reasons, the Order of the bankruptcy court is affirmed.

## Background

      Familiarity with the facts and circumstances underlying this bankruptcy case, as set forth in appellant and appellee's briefs and accompanying exhibits, is presumed. For contextual purposes, though, the following factual highlights are repeated. At the heart of the dispute are rights to property located at 300 Pennsylvania Avenue, Mineola, NY (the "Property"), where Miranda currently resides. Appellant's Opening Brief ("AOB"), Dkt. No. 3, ¶ 1. While Miranda originally owned the Property with her now-deceased husband, TLB acquired title to it through a tax lien foreclosure sale. *Id.* ¶ 2. Specifically, on March 14, 2019, TLB purchased the Village of

Mineola's tax lien on the Property at a public auction for $1,841.48. *Id.* ¶¶ 3–4.[1] After the statutory period for Miranda to redeem the unpaid taxes had expired, TLB acquired title to the Property by way of a Treasurer's Deed on February 7, 2022 (the "Transfer"). *Id.* ¶ 5. Soon thereafter, TLB commenced a "quiet title" action in Nassau County Supreme Court, seeking a judgment declaring it to be the owner of the Property; on May 16, 2022, upon Miranda's default, Supreme Court issued the judgment TLB had sought. *Id.* ¶¶ 6–7.

With legal ownership of the Property in hand, TLB next sought to acquire possession and evict Miranda from the Property. AOB ¶ 9. Following a one-day eviction trial on April 4, 2023, Nassau County District Court awarded a Warrant of Eviction and Judgment of Possession in favor of TLB, with a stay of execution until August 15, 2023. *Id.* ¶ 10. However, on September 12, 2023, having been served with a 14-Day Eviction Notice by the Nassau County Sherriff, Miranda filed a petition for Chapter 13 bankruptcy relief, which operated to stay her eviction. *Id.* ¶¶ 13–14. Since the time TLB acquired title to the Property, Miranda has not made any payments to appellant in connection with the Property. *Id.* ¶ 22.

On October 11, 2023, Miranda commenced this adversary proceeding against TLB requesting that the bankruptcy court avoid the Transfer pursuant to § 522(h) and § 548(a)(1)(B) of the Bankruptcy Code. AOB ¶ 16. Of particular relevance to this appeal, in a preliminary step, on October 17, 2023, Miranda filed her Schedule C, electing New York State exemptions and claiming a homestead exemption in the Property pursuant to New York Civil Practice Laws and Rules ("CPLR") § 5206. *Id.* ¶ 17.[2] On January 17, 2025, upon cross-motions for summary

---

[1] At the time of the Transfer, the value of the Property was assed at $650,178.00. Bnkr. Order, Dkt. No. 1, at 5.

[2] Rather opaque with respect to the impact of a debtor's choice of the option it permits, Schedule C, the procedural form implementing the debtor's choice of exemptions, is at the rub of the legal question posed by the parties on this appeal.

2

judgment, the bankruptcy court granted Miranda's motion to set aside the transfer of the Property and denied TLB's motion for summary judgment seeking dismissal of the adversary proceeding. The bankruptcy court determined that Miranda had standing to bring a fraudulent transfer action pursuant to § 522(h) and held that the transfer was fraudulent due a lack of judicial oversight and Miranda receiving less than reasonable equivalent value for the Property. Bnkr. Order, Dkt. No. 1, at 8–13. The bankruptcy court also held that the doctrines of res judicata, laches, unclean hands, and equitable estoppel did not bar Miranda's Section 548 claim because Miranda could not have brought the fraudulent transfer claims during the pendency of the quiet title or holdover actions. *Id.* at 15–17.

TLB filed a timely Notice of Appeal on January 30, 2025. *See* Dkt. No. 1. TLB's sole argument on appeal is that the bankruptcy court erred as a matter of law in setting aside the February 2022 Treasurer's Deed as a fraudulent transfer because Miranda lacked standing under the Bankruptcy Code to bring the adversary proceeding. *See* AOB at 11.

Standard of Review

"[U]nder 28 U.S.C. § 158(a)(1), a district court has jurisdiction to hear appeals only from '*final* judgments, orders, and decrees ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges.'" *Long Island Pine Barrens Soc., Inc. v. Sandy Hills, LLC*, No. 14-cv-4678, 2015 WL 1275790, at *1 (E.D.N.Y. Mar. 18, 2015) (quoting 28 U.S.C. § 158). "A district court generally reviews the findings of fact of a bankruptcy court for clear error and reviews conclusions of law *de novo*." *Salim v. VW Credit, Inc.*, 577 B.R. 615, 621 (E.D.N.Y. 2017). On appeal from a bankruptcy court's grant of summary judgment, the standard of review is *de novo*. *Id.*

Discussion

For all intents and purposes, the sole question on appeal is whether Miranda has standing to avoid the transfer of her residence to TLB as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code. Like any case that turns on a question of statutory interpretation, the story starts with the statute's text, which is also where it usually ends.

Section 548(a)(1) of the Bankruptcy Code provides that "[t]he trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition" where, *inter alia*, the transfer was fraudulent or the debtor "received less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C. § 548(a)(1). While the express language of Section 548 provides that only the trustee has the power to avoid such transfers, an exception granting debtors the authority to exercise Section 548 avoidance powers in limited circumstances can be found in Section 522(h):

> The debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> (1) Such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) The trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Undisputedly, all parties agree that the subject Transfer is avoidable by the Chapter 13 trustee, but since the trustee did not elect to do so, the controverted question is whether appellee could effectively accomplish the same result because, at the start of her Chapter 13 case, she "could have exempted [the] property under subsection (g)(1)." If, as appellant

4

contends, Miranda was precluded from availing herself of the property exemptions under Section 522(g)(1), this alternate route would lead her into a cul-de-sac since she then would not have standing under Section 522(h) to avoid the Transfer.

As noted earlier, the bankruptcy code offers a debtor a choice at the front door of the bankruptcy courthouse to choose state or federal exemptions. *See* 11 U.S.C. § 522(b). The differences between the two sets of exemptions offered to the debtor in Section 522(b) take on a pivotal role in connection with Section 522(g)(1), which provides that "[t]he debtor may exempt under subsection (b) of this section property that the trustee recovers . . . to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred," subject to certain conditions. This case illustrates the importance of the exemption scheme chosen, as appellee selected the New York state homestead exemption in her Schedule C, which provides that "no homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments." N.Y. C.P.L.R. 5206(a). Thus, TLB argues, CPLR 5206 precludes Miranda from taking advantage of the New York state homestead exemption because the Property was subject to sale for nonpayment of taxes. *See* AOB at 22. Put more directly, TLB contends that because Miranda could *not* have exempted the Property under Section 522(g)(1), she has no standing under Section 522(h) to challenge the Transfer as fraudulent.

Miranda, by contrast, asks the Court to adopt the reasoning of the bankruptcy court, which took a more exemption-friendly view of the "could have" language in § 522(g)(1) and (h). Reading § 522(g)(1) as requiring "only . . . that a debtor '*could have*' exempted the property under state or federal law," the bankruptcy court held that Miranda had standing to bring her Section 548 claim because she theoretically "could have claimed a federal exemption in the

5

Property under sections 522(b)(2) and (d) whether she claimed the Property as her homestead or not, and thereby set aside the Transfer." Bnkr. Order at 10–11.

The bankruptcy court's interpretation of Section 522(g)(1) is not only more exemption-friendly than that adduced by appellant, but it is also more consistent with the statute's plain language regarding its temporal setting. This interpretation of the "could have" language of Section 522(g)(1) returns the debtor to the position it would have been in "if such property had not been transferred" and asks, at that point, what exemptions could the debtor have claimed? In this case, the Transfer occurred on February 7, 2022, more than a year before Debtor filed for Chapter 13 relief under the Bankruptcy Code or elected any property exemptions. Section 522(g)(1) therefore contemplates a hypothetical world prior to Debtor's bankruptcy filing, at which point Debtor faced no statutory impediments to exempting her Property pursuant to Section 522(d)(1) (the federal homestead exemption) or Section 522(d)(5) (the federal "wildcard" exemption). Because Debtor "could have" exempted her Property at the time such property was transferred, the Court agrees with the bankruptcy court that Debtor has standing to bring this fraudulent transfer action under Section 522(g)(1) and (h).[3]

Consequently, since, on the sole question presented, the Court finds that a Chapter 13 debtor who elects a homestead exemption under New York CPLR 5206(a) has standing under 11

---

[3] The Court is aware that the United States Bankruptcy Court for the Southern District of Texas decided this issue differently in *Salaymeh v. Plaza Centro LLC et al. (In re Salaymeh)*, 361 B.R. 822 (Bankr. S.D. Tex. 2007). However, *Salaymeh* is distinguishable because the property at issue there was not the debtor's homestead. *Id.* at 827. In this case, where Debtor is seeking to exempt her homestead, the Bankruptcy Code's principal purpose of "provid[ing] an honest debtor with a fresh start" would not be served by "leaving the debtor . . . homeless and on the brink of financial ruin." *CFCU Comm'y Credit Union v. Hayward*, 552 F.3d 253, 260 (2d Cir. 2009). Nor does *In re Johnson*, 449 B.R. 7 (Bankr. W.D.N.Y. 2011) move the needle in appellant's direction. While the *Johnson* court held that the limiting language of CPLR § 5206(a) prevented the debtor from claiming a homestead exemption in its property, and thus deprived the debtor of standing to avoid the at-issue transfer, *Johnson* was decided prior to the effective date of statutory amendments that allowed debtors in New York State to claim alternative federal exemptions. *Id.* at 12. Thus, the plaintiff in *Johnson*, unlike Debtor here, could not have exempted its property under Section 522(d).

U.S.C. 522(g)(1) and (h) to bring an action to set aside a fraudulent transfer of that property, the bankruptcy court's order to the same effect is affirmed.  *See* AOB at 6–7.[4]

## Conclusion

For the reasons set forth above, the bankruptcy court's order from which TLB has appealed is affirmed in its entirety.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       May 18, 2025

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

---

[4] Nowhere in TLB's brief does it challenge the bankruptcy court's fraudulent transfer determination.  Accordingly, the Court regards any challenge to the bankruptcy court's determination that the Transfer was fraudulent as abandoned.  *See Morrison v. Johnson*, 429 F.3d 48, 52 (2d Cri. 2005).